Merrimack,  }
Oct. 6, 1914.  }

### PEERLESS CASUALTY CO. *v.* EDELBERT M. HOWARD & a.

Where the sureties on a collecting agent's bond have no knowledge of the principal's prior employment by the obligee, they cannot evade liability after a default on the ground of an implied representation of honesty arising from the earlier relations.

Where an employer has no knowledge of embezzlement by his collecting agent, a failure to notify the latter's sureties of their principal's arrears does not constitute such fraud or concealment as will release them from their obligation.

A collecting agent's sureties are not liable for his default under a contract of employment which was terminated prior to the execution of the bond.

DEBT, on a bond. Facts found, and case transferred from the October term, 1913, of the superior court, by *Chamberlin*, J.

Howard, the principal debtor, had been employed by the plaintiff as an insurance solicitor, and at the time the bond in suit was taken he was a month in arrears in his remittance of premiums collected. At that time the plaintiff made a new contract with him and stipulated for a bond. Howard procured the other defendants as sureties. They did not know that he had theretofore been employed by the

plaintiff, nor did they see or communicate with any one representing the plaintiff. Howard continued to be in arrears after the bond was given, the amount varying from time to time. His first month's collections under the new contract were applied to the amount owed for premiums collected under the former agreement. No notice of Howard's indebtedness was given by the plaintiff to the sureties until a suit was brought against him to recover the amount due.

The court stated the account as between the plaintiff and Howard and ordered judgment for the sureties, subject to the plaintiff's exception.

*Thorp & Abbott* (*Mr. Abbott* orally), for the plaintiff.

*Clyde C. Brown* (by brief and orally), for the defendants.

PEASLEE, J. The defendants rely upon two similar grounds to defeat a recovery. They claim that there was fraud in the inception of their contract of suretyship and also that the subsequent conduct of the obligee has been such as to release them.

It appears that at the time the contract was entered into, Howard, whose fidelity the defendants became surety for, had already been employed as a solicitor for the plaintiff and had failed to remit the last monthly instalment of premiums collected by him. Whether he had embezzled the funds, or merely delayed payment, is not found. The fact of non-payment was known to the plaintiff, who had no communication with the defendants prior to the acceptance of the bond. Upon these facts it is argued that the bond is voidable because of the plaintiff's failure to disclose to the sureties the fact that Howard was in arrears on his previous contract.

The decisions upon this subject are conflicting, and the question is a new one in this jurisdiction. It is not necessary to review the cases; for assuming the rule contended for by the defendants to be the correct one, it is not applicable to the facts in hand. The ground for the strict rule of obligation on the part of the obligee is well stated in the leading case of *Sooy* v. *State*, 39 N. J. Law 135, 147: "It is the duty of a person taking a guaranty for the good conduct of an employee to disclose the past malpractices of such employee in the course of the business to which the guaranty relates; and . . . if such duty is not performed, the instrument so taken is, *ipso facto*, invalid. The continuance of an agent in an employment

is an act so expressive of trust and confidence that it is tantamount to an express declaration to that effect, and hence it must, under usual circumstances, have all the effect of a meditated fraud, if the person so retaining the agent can be permitted to disown the implications inevitably arising from his own conduct."

The cause for avoidance is fraud. The fraud is said to consist in holding out the agent as having been honest in the course of prior employment by the taker of the bond. But in the present case it is found, in effect, that these defendants did not know that Howard had been in the employ of the plaintiff. As they did not know of the employment, they could not have relied upon the implied representation, which is said to arise from the earlier relations of the parties.

After the new contract was made, Howard continued to be in arrears on his monthly payments until the contract was terminated. The plaintiff did not notify the defendants of these facts until suit was brought upon the bond. It did not appear that the defendants lost any means of securing themselves as against their principal on account of this delay. "There is no rule of law which makes it a duty which the creditor, under the circumstances of this case, owes to the surety, either to dismiss its agent or to notify the surety of his default. If a creditor does any act which injuriously affects the situation and the rights of the surety, such as giving time to the debtor, or relinquishing security which he holds for the debt, he discharges the surety either in whole or *pro tanto*. But the creditor owes no duty of active diligence to take care of the interests of the surety. It is the business of the surety to see that his principal performs the duty which he has guaranteed, and not that of the creditor. . . . The surety is bound to inquire for himself, and cannot complain that the creditor does not notify him of the state of the accounts between him and his agent, for whom the surety is liable. Mere inaction of the creditor will not discharge the surety unless it amounts to fraud or concealment." *Watertown Ins. Co.* v. *Simmons*, 131 Mass. 85, 86. See, also, *Morrison* v. *Bank*, 65 N. H. 253.

As there is no finding that the plaintiff knew or ought to have known that Howard had embezzled the funds, the argument that the bondsmen would be discharged by a continuation of the employment with knowledge of such misconduct has no application to the present case.

There is one item in the account to which there appears to be a

valid defence.  Included in the amount of indebtedness as finally ascertained is the sum of $54.22 which was collected by Howard before the execution of the bond.   This item has not been paid, except as money collected under the new contract has been so applied. The plaintiff knew this was the situation when it made such application of the payments.   It is manifest that it cannot in this way prejudice the rights of the sureties and make them liable for obligations they did not assume.   Deducting this item from the amount found to be due, the plaintiff is entitled to judgment not exceeding the penalty of the bond.

*Exception sustained.*

PLUMMER, J., was absent: the others concurred.